**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Kapitus Servicing, Inc.,<br>Plaintiff(s),<br>vs.<br>CAN Community Health, Inc.,<br>Defendant(s). | 2:25-cv-01084-RFB-MDC<br>**ORDER** |

The Court held a hearing on the parties' first discovery dispute (ECF Nos. 21 and 28) and shortly after the hearing the parties filed a stipulation regarding the instant discovery dispute (ECF No. 29). The Court has reviewed the parties' discovery dispute. The Court **GRANTS AND DENIES** the Stipulation **IN PART**: The Court **GRANTS AND ADOPTS** the plaintiff's proposal of compromise. The defendant is compelled to produce all documents in its possession or custody that are responsive to plaintiff's narrowed proposal at *ECF No. 29: 10-11*. The plaintiff's *Motion to Decide Discovery Dispute* (ECF No. 51) is **thus DENIED** as moot.

## I. BRIEF BACKGROUND

This is a commercial dispute involving claims by Kapitus Servicing, Inc. ("Kapitus") against CAN Community Health, Inc. ("CAN") for fraudulent transfer, conversion, accounting, and unjust enrichment arising out of alleged diversion of receivables from John Robert Phoenix APRN PLLC dba Huntridge ("Huntridge") under a Management Services Agreement between Huntridge and CAN. *ECF No. 29*. It appears that the parties met and conferred multiple times regarding Kapitus' requests for production, including a teams conference after the hearing on May 29, 2026, but they are still unable to resolve disagreements over CAN's financials and third-party payor and patient information.

## II. DISCUSSION

Federal Rule of Civil Procedure 26(b)(1) provides that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. *Id.* The "court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). A party seeking to compel discovery has the burden of supporting its requests with meaningfully developed legal arguments and specific case law." *Linksmart Wireless Tech., LLC v. Caesars Ent. Corp*., 2021 WL 933240, at *1 (D. Nev. Jan. 28, 2021). The party resisting discovery bears "the heavy burden of showing why discovery should be denied." *Daisy Tr. v. JP Morgan Chase Bank.*, 2017 WL 3037427, at *2 (D. Nev. July 18, 2017)(*citing Blankenship v. Hearst Corp*., 519 F.2d 418, 429 (9th Cir. 1975)). To meet that burden, the party opposing discovery must specifically detail the reasons for why discovery is objectionable and should be denied. *Linksmart Wireless Tech.,* 2021 WL 933240, at *1. Such party "may not rely on boilerplate, generalized, conclusory, or speculative arguments." *Id.* (*citing F.T.C. v. AMG Servs., Inc*., 291 F.R.D. 544, 553 (D. Nev. 2013)). "General objections are not useful to the court ruling on a discovery motion." *Chubb Integrated Sys. Ltd. v. Nat'l Bank of Washington*, 103 F.R.D. 52, 58 (D.D.C. 1984).

Plaintiff argues that its narrowed proposal is necessary to trace Huntridge-generated receivables and related payments because it already obtained CAN's bank statements from First Horizon Bank. *ECF No. 29 at 10*. Plaintiff now seeks only related banking documents and accounting records sufficient to identify receivables, payment dates and amounts, deposit accounts, transfers, reclassifications, and third-party payors tied to the Huntridge clinic. *Id. at 10*. Plaintiff also seeks limited patient information showing continuity of the practice. *Id. at 10*. The Court finds that the information sought by Kapitus is relevant and proportional.

CAN maintains that it has no additional responsive documents to produce, but it also objects that the requests for CAN's financial records and patient-related materials are overbroad, unduly

burdensome, invasive of privacy, and implicate proprietary and confidential information. Both positions cannot co-exist. For example, if there is nothing else to produce in response to these requests, CAN can formally respond that it has conducted a diligent search and no responsive documents exist. However, CAN's objection that production is unduly burdensome/overbroad suggests that CAN has more to produce. Moreover, CAN's objections are largely generic, boilerplate objections that do not meet its heavy burden in resisting discovery. Specifically, CAN did not articulate the nature of the alleged burden nor offer a compromise to reduce such burden. The Court can only conclude that such boiler plate objection is without merit. To the extent, any confidential concerns may exists, such concerns are addressed by the parties' Protective Order (ECF No. 20).

In sum, the Court finds that Kapitus' compromise proposal is the more practical resolution. The proposal is narrower than the original request because it avoids duplicate production of bank statements. Plaintiff seeks targeted documents and accounting reports directed to whether Huntridge-related receivables were received, deposited, transferred, or otherwise reflected in CAN's records during the relevant period.

**IT IS ORDERED** that:

1. The parties' Stipulation (ECF No. 29) is **GRANTED AND DENIED** the Stipulation **IN PART,** as discussed in this Order.
2. CAN has until **August 17, 2027** to fully respond Kapitus' outstanding discovery requests, as amended by Kapitus' proposal in the Stipulation (ECF No. 29).
3. Plaintiff's Motion to Decide the Discovery Dispute (ECF No. 51) is **DENIED** as moot.

Dated: August 3, 2026.

____________________________
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge